FORM TO BE USED BY FEDERAL PRISONER IN FILING A PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2241

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 21 2015
JAMES W. McCORMACK, CLERK
By: Brown
DEP CLERK

Andrew Pearson

Petitioner

Andrew Pearson #09830-002
P.O. Box 9000-Low
Forrest City, AR 72336

(Full name under which you were convicted; prison number; and full mailing address.)

Vs.

CIVIL ACTION NO. 2:15-CV-149 BSM/PSH

C.V. Rivera, Warden

Respondent

This case assigned to District Judge Miller
and to Magistrate Judge Harris

C.V. Rivera, Warden

(Name of Warden or other authorized person having custody of petitioner.)

PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT. ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.

1. This petition concerns: (Check appropriate blank.)

[ ] a conviction

[ ] a sentence (CAUTION: If you are attacking a sentence imposed under a federal judgment, you must first file a direct motion under 28 U.S.C. § 2255 in the federal court which entered the judgment.)

[ ] jail or prison conditions

[ ] prison discipline

[ ] a parole problem

[XX] other. State briefly: Petitioner requests judicial review of the manner in which the BOP is implementing petitioner's sentence. The calculation thereof is incorect.

2. Place of detention: FCI Forrest City, AR, 72336

3. Have you filed previous petitions for habeas corpus, motions under 28:2255, or any other applications, petitions or motions with respect to this conviction?

[XX] Yes [ ] No

If your answer above is "Yes," give the following information:

a. Name of Court: Western District of Pennsylvania

b. Nature of Proceeding: 28 USC 2255

c. Grounds raised: Incorrect sentence computation

d. Result: Denied

e. Date of Result: 8/18/14

f. Citation or number of any written opinion or order entered pursuant to each such disposition:

N/A

4. If you did not file a motion under Section 2255 of Title 28, U.S.C., or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

5. Are you presently represented by counsel? [ ] Yes [XX] No

If so, name, address and phone number of counsel:

6. Name and location of court which imposed sentence: Western District of Pennsylvania, Pittsburgh, Pennsylvania

7. Indictment or case number, if known: Case No. 08-318-001

8. Offense or offenses for which sentence was imposed: INTERSTATE TRAVEL IN AID RACKETEERING

9. Date upon which sentence was imposed and the terms of the sentence:

2/4/10, 121 months imprisonment,"with credit for time served".

10. When was a finding of guilty made? (Check one.)

[XX] After a plea of guilty

[ ] After a plea of not guilty

[ ] After a plea of nolo contendere

11. If you were found guilty after a plea of not guilty, was that finding made by:

[ ] A jury

[ ] A judge without a jury

12. Did you appeal from the judgment of conviction or the imposition of sentence?

[ ] Yes [XX] No

13. If you did appeal, give the following information for each appeal:

a. Name of Court: ______

b. Result: ______

c. Date of Result: ______

d. Citation or number of opinion: ______

e. Grounds raised: (List each one.)

______

______

Note: If you appealed more than once, attach an additional sheet of the same size and give all the information requested above in question No. 13, a through e. Do not write on the reverse of pages.

14. State CONCISELY every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a single page behind this page.

CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground one: The BOP failed to calculate petitioner's sentence correctly.

Supporting FACTS: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts, not conclusions, in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.)

SEE ATTACHED

b. Ground two:

Supporting FACTS:

c. Ground three:

______________________________________________________________________

Supporting FACTS:

15. RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Petitioner requests this Court issue an ORDER directing the BOP to credit 24 months toward petitioner's federal sentence.

Signed this 18th day of September, 20 15.
Day Month Year

Andrew Pearson
Signature of Petitioner

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on 9/18/15.
(Date)

Andrew Pearson
Signature of Petitioner

## GROUND ONE:

The BOP failed to calculate petitioner's sentence correctly.

## SUPPORTING FACTS:

Conflict between oral pronouncement and written judgment.

1. In accord with the sentencing transcript, the Court intended to credit Petitioner's jail time credit toward the sentence it imposed.

2. Petitioner contends the ambiguity arising from an oversight or omission, was clarified when the Court stated, "Okay. Any other errors that you have not previously called to the Court's attention?" (page 5, line 15-18 sentencing transcript) The record reflects, at the sentencing hearing, petitioner's attorney pointed out to the Court, the error regarding the 24 months jail credit.

3. As stated in the Judgment and Commitment Order (exhibit A) and the sentencing transcript, (exhibit B) the sentencing Judge gave petitioner credit for the 24 months he served prior to sentencing.

4. The assurance from petitioner's attorney that he would receive this credit toward petitioner's federal sentence, was the inducement which led to petitioner's guilty plea. Included herein marked (exhibit C) is a letter from petitioner's attorney stating his confidence that he believed the 24 months was credited to the sentence imposed by the federal court.

5. At sentencing, petitioner's attorney pointed out to the Court the error in the presentencing report. (page 5, line 6-11 sentencing transcript) stating: 'The 24 months served prior to sentencing was not speculative as stated by the Probation Officer's Report. The BOP (by statute) would not and did not credit the time toward petitioner's federal sentence.'

6. The court responded by saying, "Okay." (page 5, line 15-18 sentencing transcript) The Court addressed the government. (page 22, line 4-5) Asking was there anything else on behalf of the government? The response was, "No, Your Honor." At no time during the sentencing hearing did the government object to petitioner being awarded the 24 months jail credit.

7. The Court went on to state. "Pursuant to the Sentencing Reform Act of 1984, it is the Judgment of the Court that the defendant is hereby sentenced to serve a 121 month sentence of imprisonment at Criminal No. 08-318, to be served concurrent to any sentence that he receives for his parole violation in the Alabama State Court, with credit for time served."

8. Petitioner has exhausted his administrative remedies. Attached hereto are copies of the BP-9, BP-10, and BP-11. Marked exhibits 1,2, and 3. Omitted are parts of the BP-10 & 11, never returned to petitioner.

## RELIEF REQUESTED:

That the Court issue an **ORDER** directing the BOP to credit 24 months toward petitioner's federal sentence.

Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ANDREW PEARSON
a/k/a COOKIE
a/k/a GARNETT LEWIS OWENS
a/k/a LOUIS OWENS

**JUDGMENT INCLUDING SENTENCE UNDER THE SENTENCING REFORM ACT**

Case Number 08-318-001

JON PUSHINSKY
Defendant's Attorney

THE DEFENDANT:

X pleaded guilty to count 1.
____ was found guilty on count(s) _ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1952(A)(2) | INTERSTATE TRAVEL IN AID OF RACKETEERING | 12/06/07 | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

____ The defendant has been found not guilty on count(s) _ and is discharged as to such count(s).
____ Count(s) _ (is) (are) dismissed on the motion of the United States.
____ The mandatory special assessment is included in the portion of this Judgment that imposes a fine.
X It is ordered that the defendant shall pay to the United States a special assessment of $100.00, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

30617-068
Defendant's USM No.

02/04/10
Date of Imposition of Sentence

[signature]
Signature of Judicial Officer
U.S. District Judge

02/04/10
Date

"EXHIBIT A"

Defendant: PEARSON
Case Number: 08-318-001



**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 121 MONTHS TO BE SERVED CONCURRENTLY TO ANY SENTENCE HE RECEIVES FOR HIS PAROLE VIOLATION IN ALABAMA STATE COURT, WITH CREDIT FOR TIME SERVED.

_X_ The Court makes the following recommendations to the Bureau of Prisons:

THAT THE DEFENDANT BE PLACED IN THE INTENSIVE 500 HOUR DRUG TREATMENT PROGRAM

THAT THE DEFENDANT BE INCARCERATED: (1) AS CLOSE AS POSSIBLE TO ILLINOIS AND/OR MISSOURI (2) IN A SECURED FACILITY DUE TO THE DEFENDANT'S SAFETY CONCERNS AND (3) IN A FACILITY WITH THE ABILITY TO HANDLE HIS MEDICAL CONDITIONS

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,

__ at _ on _.

__ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

__ before 2 p.m. on _.
__ as notified by the United States Marshal.
__ as notified by the Probation Office.

**RETURN**

I have executed this Judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ______________ to ______________________________

______________ at ______________________________,

with a certified copy of this Judgment.

______________
United States Marshal

By______________
Deputy Marshal

Exhibit "A"



**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 YEARS.

While on supervised release, the defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

_X_ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

___ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

_X_ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

_X_ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

___ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

___ The defendant shall participate in an approved program for domestic violence.

_X_ Additional conditions:

DEFENDANT SHALL PARTICIPATE IN A PROGRAM OF TESTING AND, IF NECESSARY, TREATMENT FOR SUBSTANCE ABUSE, AS DIRECTED BY THE PROBATION OFFICER, UNTIL SUCH TIME AS THE DEFENDANT IS RELEASED FROM THE PROGRAM BY THE PROBATION OFFICER. DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES FOR ANY SUCH TREATMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION OFFICE, NOT TO EXCEED THE ACTUAL COST.

For offenses committed on or after September 13, 1994:

_X_ The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

___ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

"Exhibit "B"

# INVOICE

FROM: Shirley Ann Hall
PO Box 2362
Pittsburgh, PA 15230
412.765.0408
shirleyhall_uscra@yahoo.com

Invoice No. 2015-066

TO: Mr. Andrew Pearson #09830-002
FCI Forrest City
P.O. Box 9000-Low
Forrest City, AR 72336

CAPTION: US v Andrew Pearson
Criminal Action No. 08-318

Sentencing Hearing, 2.4.2010
28 Pages, Original, 30-Day Delivery
28 pp. @ $3.65 per page = $102.20
US Treasury Check No. 4030 44658237 = $91.25

Total Due = $10.95

(Rates set by the Board of Judges of the US District Court, Western District of Pennsylvania)

~~TRANSCRIPT WILL BE MAILED UPON RECEIPT OF TOTAL DUE~~
TRANSCRIPT MAILED; AMOUNT DUE TO BE REMITTED.

Thank you, Shirley Hall
7.5.2015

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
Plaintiff,

vs

ANDREW PEARSON,
Defendant.

Criminal Action
No. 08-318

Transcript of sentencing proceedings held on February 4, 2010, United States District Court, Pittsburgh, Pennsylvania, before the Honorable Arthur J. Schwab, U.S. District Court Judge.

APPEARANCES:

For the Government: Craig W. Haller, Esq.
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
Email: craig.haller@usdoj.gov

For the Defendant: Jon Pushinsky, Esq.
1808 Law & Finance Building
Pittsburgh, PA 15219
Email: jonpush@aol.com

Court Reporter: Shirley Ann Hall, RDR, CRR
6260 U.S. Courthouse
Pittsburgh, PA 15219
(412) 765-0408

Proceedings recorded by digital stenography; transcript produced by computer-aided transcription.

Exhibit B



DEFENDANT PEARSON: Yes.

THE COURT: You have to pull the microphone down a little bit.

DEFENDANT PEARSON: Yes, sir.

THE COURT: Thank you.

Following your guilty plea, you indicated a willingness to be interviewed by the Probation Office and have this Court review the presentence report prior to sentencing.

Correct, sir?

DEFENDANT PEARSON: Yes, sir.

THE COURT: Having reviewed — I have reviewed the presentence report and addendum, the recommendation of the Probation Office with regard to an appropriate sentence, and the plea agreement, as well as the position of the parties with regard to the sentencing factors and other items I mentioned previously.

Pursuant to the standing order of the Board of Judges of this District of December 1st, 1994, the Court finds it's not appropriate to disclose the recommendation of the Probation Office to Defendant or his counsel. However, sir, in determining your sentence the Court will not consider any matter that's not previously been disclosed to you or your counsel.

Sir, have you reviewed the presentence report and addendum and discussed them with your client?

Exhibit B



MR. PUSHINSKY: Yes, Your Honor. At the appropriate time I have one comment about the addendum.

THE COURT: Are there any errors in the presentence report or addendum that you've not previously called to the Court's attention?

MR. PUSHINSKY: Your Honor, to the extent that in the addendum the Probation Office states that it is speculative as to whether or not the Bureau of Prisons will give Mr. Pearson credit for the two years he has spent in jail prior to now, I believe that's incorrect. By statute he will not get credit, and that's 18 USC Section 3585(b).

THE COURT: And that's on Page 2 of the addendum at the top of that page; correct, sir?

MR. PUSHINSKY: That's correct, Your Honor.

THE COURT: Okay.

Any other errors in the presentence report or addendum that you've not previously called to the Court's attention?

MR. PUSHINSKY: No, Your Honor.

THE COURT: Sir, have you reviewed the presentence report and addendum?

DEFENDANT PEARSON: Yes, sir.

THE COURT: Have you had adequate time to discuss those matters with your attorney?

DEFENDANT PEARSON: I have.

Exhibit B



THE COURT: Defendant?

MR. PUSHINSKY: No, Your Honor.

(Off the record discussion.)

THE COURT: Anything else on behalf of the Government?

MR. HALLER: No, Your Honor.

THE COURT: Defendant?

MR. PUSHINSKY: No, Your Honor.

THE COURT: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the Defendant is hereby sentenced to serve a 121-month sentence of imprisonment at Criminal No. 08-318, to be served concurrent to any sentence that he receives for his parole violation in the Alabama state court, with credit for time served.

The Court recommends that he be placed in the intensive 500-hour drug treatment program given his significant history of substance abuse.

Should it turn out that he does spend any time in federal custody, also if he is in federal custody he should be placed in a secure facility in light of his well-founded concern for his personal safety and preferably in a facility in Missouri or Illinois. We will also indicate in the documentation Defendant's medical condition, even though the Bureau of Prisons is good about gaining that information anyway.

Exhibit "C"

JON PUSHINSKY
Attorney at Law

1808 Law & Finance Bldg.
429 Fourth Avenue
Pittsburgh, PA 15219
412-281-6800

April 5, 2013

Andrew Pearson
Reg. No. 09830-002
P.O. Box 9000-Low
Forrest City, AR 72336

Dear Mr. Pearson:

I have sent you copies of requested documents, including the formal judgment stating that you are to receive credit for time served. I do not understand the basis of your dispute with BOP. I am no longer your lawyer and cannot represent you at this time.

It is my understanding that there is an administrative procedure for resolving sentence calculation disputes with BOP. I am not familiar with this procedure. I suggest that you direct any inquiries regarding the procedure to your counselor. The only other thing that comes to mind is the possibility of a habeas corpus challenging your continued confinement after you believe your correct release date has passed.

Good luck.

Sincerely,

Jon Pushinsky /mep

Jon Pushinsky

JP:mep

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Exhibit #1 CP

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: PEARSON ANDREW (LAST NAME, FIRST, MIDDLE INITIAL) 09830-002 (REG. NO) HA 145 (UNIT) FORREST CITY (INSTITUTION)

**Part A—REASON FOR APPEAL**

My Sentencing Judge intended for me to receive the two years jail credit in question. The judgment and commitment order confirms this fact. My Attorney's assurance that I would be granted the time I spent in Federal custody, prior to sentencing. was the reason for my guilty plea. Please note that my plea aggrement includes this credit.

5/16/13 DATE

Andrew Pearson SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

Received

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 731857-R1

**Part C—RECEIPT** MAY 20 2014

CASE NUMBER: ______

Return to: Bureau of Prisons Legal Department, SCRO
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: ______

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN Previous editions not usable

BP-230(13)
APRIL 1982

Exhibit #2

**FEDERAL CORRECTIONAL COMPLEX, FORREST CITY, AR**
**PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY**
**(731857-F1)**

This is in response to your Request for Administrative Remedy, received April 25, 2013, in which you express concerns with your *Sentence Monitoring Computation Data*.

For relief, you request your sentence computation be updated to include additional prior custody credit.

A review of your case indicates you were in the primary custody of the State of Alabama. You violated your state parole (life sentence received on June 15, 1992) when you were arrested on February 20, 2008 for local charges and the instant offense. A warrant was issued by state parole on February 25, 2008 and on April 1, 2008 your parole was revoked and you were returned back to Donaldson Correctional on May 2, 2008 as a violator. You were simply borrowed by the federal authorities for writ of habeas corpus ad prosequendum for federal prosecution. You remained in state custody until you were released to a federal detainer on July 2, 2012. However, the federal Judge ordered your federal sentence to run concurrently with your state parole violation in Alabama State Court, with credit for time served. You were sentenced and your federal sentence began on February 4, 2010. In addition, you received 41 days from February 20, 2008 until March 31, 2008 of prior credit time because it was not awarded toward your state sentence.

**Further, under 18 U.S.C. 3585 (b), you cannot receive double credit for time in detention; "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, that has not been credited against another sentence."**

Based on the above, this response is for informational purposes only.

If you are not satisfied with this decision, you may appeal to the Regional Director at Federal Bureau of Prisons, South Central Regional Office, 4211 Cedar Springs Road, Suite 300, Dallas, Texas, 75219. Your appeal must be received in the South Central Regional Office within 20 days of this response.

Anthony Haynes, Warden

5/7/13
Date

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Exhibit #2

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: PEARSON ANDREW — 09830-002 — H-A 145L — Forrest City-Low
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A– INMATE REQUEST**

My two years jail credit was part of my plea agreement. Please refer to page two of my sentencing order. (Attached) It clearly states. "with credit for time served". I do not believe the Judge would have included that statement, if he didn't intend for me to receive the time in question.

4/1/13
DATE

Andrew Pearson
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED APR 25 2013

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**

CASE NUMBER: 731111

CASE NUMBER: 731111

**Part C– RECEIPT**

Return to:
LAST NAME, FIRST, MIDDLE INITIAL — REG NO. — UNIT — INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

BP-229(13)
APRIL 1982

**UNITED STATES GOVERNMENT**
**MEMORANDUM**
**FEDERAL BUREAU OF PRISONS**

Exhibit #3

DATE April 15, 2014

REPLY TO ATTN OF: National Inmate Appeals, Central Office

SUBJECT: Administrative Remedy Appeal: 731857-A1

Name: Pearson, Andrew
Register No. 09830-002
Institution: Forest City Low FCI

___1. Your appeal **(insert remedy #)** was answered on **(insert date)**. If you have not received your copy by now, you may ask the institution Administrative Remedy Coordinator to provide you with a copy from the Warden's Administrative Remedy File.

___2. We are in receipt of your Central Office Administrative Remedy Appeal **(insert remedy #)** received on **(insert date)**. In accordance with policy, if you do not receive a response within the time allotted for reply, including extension, you may consider the absence of a response to be a denial. **However**, each appeal accepted by this office will be responded to and you will be advised once the appeal is completed.

__3. Our records indicate that the appeal you reference has not been filed with this office.

___4. You have not provided sufficient information for us to respond to your inquiry. If your inquiry concerns an administrative remedy, please provide the case number, the date filed in this office or date mailed by you, your name and register number, and the subject of your administrative remedy. If you cannot provide all of this information, please provide as much as possible.

___5. A review of your inquiry reveals it contains issues you should first bring to the attention of institution staff. If you are unable to resolve the issue(s) informally, you may present your complaint to the Warden via the Administrative Remedy Procedure. This procedure is available to inmates confined in federal facilities to complain about any aspect of their confinement.

___6. Extensions are granted only if an inmate's submission is untimely by no fault of his own. Requests for extensions are only considered when submitted with the complete appeal packet.

___7. Central Office Administrative Remedy Appeal responses are the final agency position. If you are dissatisfied with the response, you may pursue any legal recourse you deem appropriate.

___8. We can only address issues within the jurisdiction of the Federal Bureau of Prisons. Your issue is one of ________________ jurisdiction.

_x_9. Your appeal was rejected and returned to you on 08-27-2013.

___10. Other:

TO: Bureau of Prisons, Administrative Remedy Section.

FROM: Andrew Pearson #09830-002

REF: CASE NO. 731857

DATE: 2/24/14

Dear Administrative Remedy Section:

Please accept this letter as an amendment to my previously submitted BP-11. I request a recent court decision be considered along with my appeal, (Elwell v. Fisher 716 F 3d, 477@481 8th Cir 2013). It supports my position, and allows the BOP to award the 24 months given to me in the judgement and commitment Order.

Respectfully,

Andrew Pearson

Andrew Pearson #09830-002
P.O. Box 9000-Low
Forrest City, AR 72336