# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

ANDREW PEARSON                                                                          PETITIONER

v.                                        NO. 2:15-cv-00149 BSM/PSH

C.V. RIVERA, Warden,                                                                   RESPONDENT
F.C.C. Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## FINDINGS AND RECOMMENDATION

On February 20, 2008, petitioner Andrew Pearson ("Pearson") was arrested in the State of Alabama on charges arising from the State of Pennsylvania. See Document 7, Exhibit A at 1.[1] Because he was then on parole from the State of Alabama, a warrant for his arrest was issued by Alabama authorities on February 25, 2008. See Id. at 1-2. He was transferred to the custody of the Alabama Department of Correction on April 1, 2008, and his parole was revoked three days later. See Id. at 2.

On September 9, 2008, federal authorities obtained custody of Pearson from Alabama authorities pursuant to the terms of a writ of habeas corpus ad prosequendum. See Document 7, Exhibit A at 2. Federal authorities' purpose in obtaining custody of him was to have him answer federal charges in case number 08-318-001. See Id.; Document 1, Exhibit A at 1. He eventually pleaded guilty in case number 08-318-001 in the United States District Court for the Western District of Pennsylvania. See Document 1 at 3.[2] On February 2, 2010, United States District Judge Arthur J. Schwab issued tentative findings and rulings in case number 08-318-001. In the findings and rulings, Judge Schwab found, in part, the following:

---

[1]

On December 6, 2007, Pearson and an accomplice robbed and assaulted a woman in the Pittsburgh, Pennsylvania, area. See Document 7, Exhibit A, Attachment 1 at 3-4. See also Document 7, Exhibit A, Attachments 2 and 12. Pennsylvania authorities charged Pearson in case number 200800681 for the criminal events occurring that night. Case number 200800681 was nolle prossed on August 8, 2008, and the charges appear to have been re-filed in federal court as case number 08-318-001.

[2]

Pearson pleaded guilty to one count of interstate travel in aid of racketeering.

Defendant Pearson has … file[d] a motion for downward departure and for adjustment arguing: … (2) that given that defendant Pearson will be returned to the custody of the state of Alabama to complete his state sentence after sentencing in this matter, and he will not likely be given credit for the approximately two years he has already spent in custody on this matter, that the Court may make an adjustment to the Guidelines' sentence so as to reflect the time he has already spent in custody. The Court has already ruled upon defendant's motion for downward departure and as for defendant's motion for adjustment (properly termed as a motion for variance), the Court will take into account defendant's arguments in fashioning an appropriate sentence.

Based upon the hereinabove Tentative Findings and Rulings, defendant Pearson's offense level is 30 and his criminal history category is a III thus yielding an adjusted guideline range of 121 to 151 months. The sentencing proceeding will proceed in accordance with the foregoing findings and rulings.

See Document 7, Exhibit A, Attachment 11 at 1, 3. On February 4, 2010, Pearson was sentenced in case number 08-318-001. See Document 1, Exhibit B at 2. During the sentencing hearing, Judge Schwab and Pearson's attorney had the following exchange:

Judge Schwab: … Sir, have you reviewed the presentence report and addendum and discussed them with your client?

Counsel: Yes, Your Honor. At the appropriate time I have one comment about the addendum.

Judge Schwab: Are there any errors in the presentence report or addendum that you've not previously called to the Court's attention?

Counsel: Your Honor, to the extent that in the addendum the Probation Office states that it is speculative as to whether or not the Bureau of Prisons will give Mr. Pearson credit for the two years he has spent in jail prior to now, I believe that's incorrect. By statute he will not get credit, and that's 18 USC … 3585(b).

> Judge Schwab: And that's on Page 2 of the addendum at the top of that page; correct, sir?
>
> Counsel: That's correct, Your Honor.
>
> Judge Schwab: Okay. Any other errors in the presentence report or addendum that you've not previously called to the Court's attention?
>
> Counsel: No, Your Honor.

See Document 1, Exhibit B at 3-4. Pearson was then sentenced to 121 months imprisonment in case number 08-318-001, see Document 7, Exhibit A at 2, a sentence consistent with Judge Schwab's tentative findings and rulings. Judge Schwab ordered the sentence to be served concurrent with the sentence Pearson received, or would receive, for the violation of his parole in the State of Alabama. Judge Schwab also ordered that Pearson be given credit for time served, see Id.; Document 1, Exhibit B at 5, a fact confirmed by the Judgment and Commitment Order, see Document 1, Exhibit A at 2. Pearson was then returned to the custody of Alabama authorities.

On July 2, 2012, Pearson completed his obligation to the State of Alabama and was released into federal custody. See Document 7, Exhibit A at 2. After he entered federal custody, the Federal Bureau of Prisons ("BOP") prepared a sentence computation. It reflected that his sentence in case number 08-318-001 was deemed to have commenced on February 4, 2010, i.e., the day it was imposed, and he was given credit for forty-one days he spent in custody prior to February 4, 2010, i.e., the period from February 20, 2008, through March 31, 2008. See Id. He was given no other pre-sentence jail credits.

Pearson found the BOP's sentence computation unacceptable and began the grievance process in an attempt to obtain credit on his sentence in case number 08-318-001 for the approximately two year period he spent in custody prior to his sentencing, i.e., the approximately two year period from February of 2008 to February of 2010. It is not clear how far in the process he went, but it is clear that it did not produce a favorable result as his position was rejected. For instance, the former Warden of F.C.C. Forrest City, Arkansas, gave Pearson the following reason for rejecting the grievance:

> A review of your case indicates you were in the primary custody of the State of Alabama. You violated your state parole (life sentence received on June 15, 1992) when you were arrested on February 20, 2008 for local charges and the instant offense. A warrant was issued by state parole on February 25, 2008 and on April 1, 2008 your parole was revoked and your were returned back to Donaldson Correctional on May 2, 2008 as a violator. You were simply borrowed by the federal authorities for writ of habeas corpus ad prosequendum for federal prosecution. You remained in state custody until you were released to a federal detainer on July 2, 2012. However, the federal judge ordered your federal sentence to run concurrently with your state parole violation in Alabama State Court, with credit for time served. You were sentenced and your federal sentence began on February 4, 2010. In addition, you received 41 days from February 20, 2008 until March 31, 2008 of prior credit time because it was not awarded toward your state sentence.

> Further, under 18 U.S.C. 3585(b), you cannot receive double credit for time in detention: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, that has not been credited against another sentence.

See Document 1, Exhibit 2 at 1.

Pearson commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 and joining respondent C.V. Rivera ("Rivera"). In the petition, Pearson challenged the calculation of his sentence in case number 08-318-001. He maintained that he is entitled to credit on his sentence in case number 08-318-001 for the approximately two year period he spent in custody prior to his sentencing in February of 2010.

Rivera filed a response to the petition and maintained that Pearson is not entitled to relief for three reasons. First, Pearson failed to exhaust his administrative remedies. Second, the approximately two year period was applied to his service of another sentence. Last, Judge Schwab and defense counsel were aware of the BOP's computation obligations at the time of sentencing, and Judge Schwab "took the relevant time period into consideration at the time of sentencing." See Document 7 at 1.

Pearson filed a reply to Rivera's response. In the reply, Pearson represented, in part, the following:

> … the petitioner points out that the respondent further substantiates petitioner's position by granting jail credit for the first five weeks of petitioner's detention. The Government admits taking petitioner into custody for multiple offenses on February 20, 2008. … At that time, petitioner was housed in a VA Medical Facility in Birmingham, Alabama. The State of Alabama had no charges pending against petitioner or reason to arrest him. The Federal Marshal Service arrested petitioner on February 20, 2008 and only gave jail credit until March 31, 2008. At no time, however, was petitioner in state custody. The Federal charges and arrest is what triggered the State parole violation. The State borrowed petitioner from the U.S. Government to serve his violation time concurrently with his Federal sentence.

The United States Marshal Service had arrested petitioner, giving the United State[s] Government Primary Jurisdiction over petitioner. At no time was Jurisdiction ever relinquished by Federal Authorities. [Acknowledgment] by the Government that petitioner was entitled to time spent in custody from his arrest on February 20, 2008, until March 31, 2008, is clear evidence that no State charges were pending at that time. The State of Alabama did not award the time toward petitioner's State sentence because he was not in the custody of the State of Alabama. Therefore all the time spent in custody is due to be applied to petitioner's federal sentence, which was the intent of the Federal Court at the time petitioner was sentenced in the federal case.

Too, the Government appears to have overlooked the copies of the denial BP-9, 10, and 11 which were submitted to the Court along with the 2241 petition. The Bureau of Prisons denied petitioner's Administrative Remedies therefore prompting the Petition for Habeas Corpus. Consequently the respondent's claim that petitioner did not exhaust his available administrative remedies is not correct.

See Document 11 at 2-3.

The undersigned begins an analysis of Pearson's petition by addressing Rivera's exhaustion argument, which focuses on the procedure Pearson used prior to arriving in federal court. See State of Missouri v. Bowen, 813 F.2d 864 (8th Cir. 1987). The doctrine requires Pearson to have completely exhausted his administrative remedies before filing his petition. See United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000).

Pearson maintains that he completely exhausted his administrative remedies and offers what he represents to be the BP-9, BP-10, and BP-11 forms he used to exhaust his remedies. See Document 1, Exhibits 1-3. It is not clear whether he completely exhausted his remedies. Rather than determine whether he did, the undersigned will bypass that question and instead address the merits of his claim.

The BOP initially possesses the exclusive authority to compute "sentence credit awards after sentencing." See Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). The BOP's construction of a statute is due deference, but the judiciary retains "the final authority on matters of constitutionality and statutory construction. See Id.

18 U.S.C. 3585(b) provides that a defendant shall be given credit on his sentence for any time he spent in official detention prior to the date the sentence commences "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. 3585(b) contains an important qualification: it provides that the defendant shall be given credit on his sentence for any time he spent in official detention prior to the date the sentence commences "that has not been credited against another sentence."

The question at bar is whether Pearson is entitled to credit on his sentence in case number 08-318-001 for the period from April 1, 2008, to February 4, 2010.[3] Having reviewed the record and the proceedings in case number 08-318-001, the undersigned is persuaded that the BOP has calculated his sentence in a reasonable and appropriate manner and in accordance with federal law. The undersigned so finds for two reasons.

---

[3]

Pearson maintains that he is entitled to credit on his sentence in case number 08-318-001 for the period from February of 2008, i.e., the month he was arrested, to February of 2010, i.e., the month the sentence was imposed. The BOP gave him credit on his sentence, though, for the period from February 20, 2008, i.e., the day he was arrested, to March 31, 2008, i.e., the day before he entered the custody of the Alabama Department of Correction. Thus, the period he seeks credit for is from April 1, 2008, to February 4, 2010.

First, Pearson received credit on another sentence for the period from April 1, 2008, to February 4, 2010, and 18 U.S.C. 3585(b) precludes crediting his sentence in case number 08-318-001 for the same period of time. See United States v. McIntyre, 508 F.2d 403 (8th Cir.), cert. denied, 422 U.S. 1010 (1975) (defendant not entitled to credit on federal sentence after receiving credit on state sentence for same period). Specifically, he received credit on his Alabama sentence for the period from April 1, 2008, to February 4, 2010. See Document 7, Exhibit A, Declaration of James D. Crook at 2-3.[4] See also Document 7, Exhibit A, Attachment 2.

Alternatively, Judge Schwab gave Pearson credit for the period from April 1, 2008 to February 4, 2010 in fashioning the sentence in case number 08-318-001, and giving Pearson credit a second time for the same period would circumvent Judge Schwab's clear and unequivocal pronouncement regarding Pearson's sentence. The undersigned so finds because Judge Schwab repeated his pronouncement regarding the sentence in an August 2014 order denying Pearson's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. 2255.[5] Judge Schwab denied Pearson's motion for a number of reasons, one

---

[4]

There is a limited exception to the prohibition against "double credit." See Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), Willis v. United States, 438 F.2d 923 (5th Cir. 1971). Pearson has not shown how the exception is applicable in this instance.

[5]

Pearson challenged his sentence in case number 08-318-001 in the context of challenging the adequacy of his attorney's representation. Specifically, Pearson challenged the BOP's decision to "credit the approximately two … years he spent in state and federal custody prior to his February 2010 federal sentencing toward his Alabama state parole sentence and not toward his federal sentence," see USA v. Pearson, 2014 WL 4101208 at 1 (W.D.Penn. 2014), and maintained that counsel was ineffective because he failed to ensure that the sentence would be carried out according to the terms of a plea agreement and in compliance with Judge Schwab's intentions.

of which was as follows:

> If, however, the Court were to reach the merits of this issue, that his counsel was somehow ineffective "when he failed to ensure that Petitioner's sentence be carried out according to the terms of his plea agreement and in compliance with the intentions of this Court," Pearson's argument is without merit. First of all, neither the plea agreement, nor the Judgment of the Court state that the two years he spent in custody between 2008 and his federal sentencing in 2010 would be credited to his federal sentence. Pearson was informed that he would receive credit for time served. He was <u>not</u> informed that he would receive credit towards his federal sentence or double credit toward his federal and state sentences.

> In fact, two sentencing documents filed by his counsel explicitly indicated that he would not receive credit for time served toward his federal sentence. In his sentencing memorandum, he stated "by the time of his federal sentencing, Mr. Pearson will have been in custody for 2-years in connection with this case. Due to the prior Alabama sentence and a detainer from that state, none of Mr. Pearson's current incarceration time will be credited toward his federal sentence." ... Additionally, in Pearson's "Motion for Sentencing Guidelines' Departures and Adjustments," he requested a reduced sentence because he would not receive credit toward his federal sentence for the time he had served in custody up to his federal sentencing date. His Motion went on to state "Whereas it may not be proper for the court to direct in its sentencing order that Mr. Pearson be given credit toward his federal sentence for the time already spent in custody, it is perfectly appropriate for the court to take this time into consideration when pronouncing sentence. It is Mr. Pearson's position that it is appropriate ... for the court to make an adjustment to the Guidelines' sentence so as to reflect the time he has already spent in custody." ...

> This Court then took the time Pearson had already spent in custody into account in determining sentence. In its tentative findings and rulings, ... the Court noted that "Defendant Pearson has also file[d] a motion for downward departure and for adjustment arguing ... that given that Defendant Pearson will be returned to the custody of the State of Alabama to complete his state sentence after sentencing in this matter, and he will not likely be given credit for the approximately two years he has already spent in custody on this matter, that the Court may make an adjustment to the Guidelines' sentence as to reflect the time he has already spent in custody ... [A]s for defendant's motion for adjustment (properly termed as

a motion for variance, the Court will take into account defendant's argument in fashioning an appropriate sentence." ...

Therefore, the record does not support Pearson's attempt to argue that he was misinformed by either his counsel, the government, or the Court, that his time served as of his federal sentencing date would be credited toward his state sentence. While it is certain that he would prefer that the credit go toward his federal sentence, his preference is contrary to BOP policy and the BOP has the jurisdiction to make credit determinations. Furthermore, the Court took the state sentence vs. federal sentence credit issue into account in determining Pearson's sentence. Neither his attorney, nor the Court, committed an error in this regard, and therefore, his Petition lacks substantive merit. In other words, judging the facts in the light most favorable to Pearson, there can be no viable claim of ineffectiveness of his counsel in this regard because he accurately stated the law, and therefore, his performance in this regard could not be gleaned as deficient. Moreover, there is no evidence that Pearson was prejudiced by the actions of his attorney.

Despite its title as a Section 2255 motion, it is and remains a request for judicial review of the manner in which the BOP is implementing the sentence, a matter which is more aptly within the jurisdiction of the United States District Court of the Eastern District of Arkansas. For these reasons, and because there is no merit on a substantive level, and there are procedural shortcomings as well, there is no need for an evidentiary hearing, discovery, appointment of an attorney, or the granting of a certificate of appealability.

See USA v. Pearson, 2014 WL 4101208 at 5-6 (W.D.Penn. 2014) (Emphasis in original).

The BOP has calculated Pearson's sentence in case number 08-318-001 in a reasonable and appropriate manner and in accordance with federal law. He has been given credit for the appropriate periods and denied credit for periods he is not entitled

to receive.[6]

Accordingly, the undersigned finds that Pearson's claim warrants no relief. It is therefore recommended that his petition be dismissed with prejudice. All requested relief should be denied, and judgment should be entered for Rivera.

DATED this 8th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6]

Pearson faults the BOP for giving him credit on his sentence in 08-318-001 for the period from February 20, 2008, through March 31, 2008, but not for any periods thereafter. The BOP could construe his sentence as it has because he appears to have been in primary federal custody during the period from February 20, 2008, through March 31, 2008.